FILED
CLERK, U.S. DISTRICT COURT
11/30/2021
CENTRAL DISTRICT OF CALIFORNIA
BY: VM DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

November 2021 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>TARON AGAZARYAN,<br><br>　　　　Defendant. | CR 2:21-cr-00542-RGK<br><br>I N D I C T M E N T<br><br>[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), (b)(1)(B)(i): Possession with Intent to Distribute Methamphetamine and Heroin; 18 U.S.C. § 924(c)(1)(A)(i): Carrying a Firearm During and in Relation to, and Possession of Firearms in Furtherance of, Drug Trafficking Crimes; 18 U.S.C. § 922(g)(1): Felon in Possession of Firearms and Ammunition; 21 U.S.C. § 853, 18 U.S.C. § 924, and 28 U.S.C. § 2461(c): Criminal Forfeiture] |

The Grand Jury charges:

COUNT ONE

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii)]

On or about September 30, 2020, in Los Angeles County, within the Central District of California, defendant TARON AGAZARYAN knowingly and intentionally possessed with intent to distribute at least 50 grams, that is, approximately 1.09 kilograms, of methamphetamine, a Schedule II controlled substance.

COUNT TWO

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(i)]

On or about September 30, 2020, in Los Angeles County, within the Central District of California, defendant TARON AGAZARYAN knowingly and intentionally possessed with intent to distribute at least 100 grams, that is, approximately 494 grams, of a mixture and substance containing a detectable amount of heroin, a Schedule I narcotic drug controlled substance.

COUNT THREE

[18 U.S.C. § 924(c)(1)(A)(i)]

On or about September 30, 2020, in Los Angeles County, within the Central District of California, defendant TARON AGAZARYAN knowingly carried firearms, namely, a Girsan, model MC 1911 C, .45 caliber semiautomatic pistol, bearing serial number T6368-19AP00764, and a Kimber, model Stainless LW, .45 caliber semiautomatic pistol, bearing serial number K710748, during and in relation to, and possessed those firearms in furtherance of, drug trafficking crimes, namely, possession with intent to distribute methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(viii), as charged in Count One of this Indictment, and possession with intent to distribute heroin, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(B)(i), as charged in Count Two of this Indictment.

COUNT FOUR

[18 U.S.C. § 922(g)(1)]

On or about September 30, 2020, in Los Angeles County, within the Central District of California, defendant TARON AGAZARYAN knowingly possessed firearms, namely, a Girsan, model MC 1911 C, .45 caliber semiautomatic pistol, bearing serial number T6368-19AP00764, and a Kimber, model Stainless LW, .45 caliber semiautomatic pistol, bearing serial number K710748, and ammunition, namely, seven rounds of Winchester 9mm Luger caliber ammunition, ten rounds of Federal Cartridge Company 9mm Luger caliber ammunition, and three rounds of Sig Sauer 9mm Luger caliber ammunition, in and affecting interstate and foreign commerce.

Defendant AGAZARYAN possessed such firearms and ammunition knowing that he had previously been convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

1. Possession of Methamphetamine for Sale, in violation of California Health & Safety Code Section 11378, in the Superior Court of the State of California, County of Los Angeles, Case No. LA089152, on or about November 22, 2018; and

2. Possession of Methamphetamine for Sale, in violation of California Health & Safety Code Section 11378, in the Superior Court of the State of California, County of Los Angeles, Case No. LA089753, on or about July 19, 2019.

FORFEITURE ALLEGATION ONE

[21 U.S.C. § 853; 18 U.S.C. § 924; 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853, Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offenses set forth in either of Counts One or Two of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

    a. All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which the defendant obtained, directly or indirectly, from any such offense;

    b. All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of any such offense;

    c. All right, title, and interest in any firearm or ammunition involved in or used in any such offense, including but not limited to the following;

        i. One Girsan, model MC 1911 C, .45 caliber semiautomatic pistol, bearing serial number T6368-19AP0076;

        ii. One Kimber, model Stainless LW, .45 caliber semiautomatic pistol, bearing serial number K710748;

        iii. Seven rounds of Winchester 9mm Luger caliber ammunition;

     iv. Ten rounds of Federal Cartridge Company 9mm Luger caliber ammunition;

     v. Three rounds of Sig Sauer 9mm Luger caliber ammunition; and

  d. To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a), (b), and (c).

 3. Pursuant to Title 21, United States Code, Section 853(p), and as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property if, by any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offenses set forth in either of Counts Three or Four of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

(a) All right, title, and interest in any firearm or ammunition involved in or used in any such offense, including but not limited to the following:

    i. One Girsan, model MC 1911 C, .45 caliber semiautomatic pistol, bearing serial number T6368-19AP0076;

    ii. One Kimber, model Stainless LW, .45 caliber semiautomatic pistol, bearing serial number K710748;

    iii. Seven rounds of Winchester 9mm Luger caliber ammunition;

    iv. Ten rounds of Federal Cartridge Company 9mm Luger caliber ammunition;

    v. Three rounds of Sig Sauer 9mm Luger caliber ammunition;

(b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p),

as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/
_____
Foreperson

TRACY L. WILKISON
United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

JOSHUA O. MAUSNER
Assistant United States Attorney
Deputy Chief, General Crimes Section

JEREMIAH LEVINE
Assistant United States Attorney
Violent and Organized Crime Section